## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VARUN SALARIA, )
)
    Petitioner, )
)
v. )     Case No. CIV-26-141-D
)
SCARLET GRANT, *et al.*, )
)
    Respondents. )

## **ORDER**

Petitioner Varun Salaria filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on or about May 30, 2022. *Id.* at p. 15. Petitioner was released from custody on or about May 31, 2022, and filed an application for asylum. *Id.* However, Petitioner was re-detained on November 10, 2025, and has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. *Id.* He is currently housed at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at p. 16.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he is not an arriving alien, as he was residing in the interior of the United States when he was re-detained, and is not "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 1]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that

his continued detention without a bond hearing violates his due process rights. *Id.* Petitioner

seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). *Id.*

Respondents filed a Response in Opposition to the Petition for Writ of Habeas

Corpus [Doc. No. 7]. Petitioner did not file a reply, and the time to do so has passed. Thus,

the matter is fully briefed and at issue.

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not §

1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing

for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS,

2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226

provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v.*

*Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall,

Section 1226(a) provides for a discretionary authority requiring an individualized bond

determination before a noncitizen may be taken into custody.") (quotation and citation

omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A)

as unambiguously requiring that an "applicant for admission" also be "seeking admission"

for the section to control.[1] *See Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *4

(W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a),

or release Petitioner. A separate judgment shall be entered.

IT IS SO ORDERED this 16th day of March, 2026.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge

4